IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv54

| | |
|---|---|
| RUBY CAROLYN MILLER and <br> SARA WORKMAN, <br><br> Plaintiffs, <br><br> v. <br><br> AGCO CORPORATION, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )     MEMORANDUM AND <br> )     RECOMMENDATION <br> ) <br> ) <br> ) <br> ) |

Pending before the Court is Defendant Higbee Inc.'s Motion to Dismiss [# 100]. Plaintiff brought this action against Defendants asserting various claims arising out of the death of Frank Miller ("Decedent") from mesothelioma. Defendant Higbee moves to dismiss the claims asserted against it pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Defendant Higbee contends that the Court lacks personal jurisdiction over it as a non-resident. Upon a review of the pleadings and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 100].

I.     **Factual Background**

Decedent was diagnosed with mesothelioma on November 2, 2012, which led to his death on November 20, 2012. (Pl.'s Am. Compl. ¶ 38.) Plaintiffs allege

-1-

that Decedent's mesothelioma was caused by exposure to asbestos. (Id. ¶¶ 38-39, 52.) Decedent was exposed to asbestos fibers while cutting and replacing gaskets and working on asbestos-containing pumps. (Id. ¶39.) Some of the gaskets and gasket materials were manufactured by Defendant Higbee. (Id.¶ 14, 39.) Plaintiffs alleged that Defendant Higbee does business in North Carolina by selling its products in the state. (Id. ¶ 14.)

## II. Analysis

A plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). Courts are provided flexibility in how the address a motion to dismiss for lack of personal jurisdiction. For example, a Court may rule on the motion based on the pleadings, hold an evidentiary hearing, or allow jurisdictional discovery prior to ruling on the motion. See Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., No. 5:11cv139-RLV, 2012 WL 4888322 (W.D.N.C. Oct. 12, 2012) (Voorhees, J.) However, when the District Court rules on a defendant's Rule 12(b)(2) motion to dismiss without an evidentiary hearing, a plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over the defendant. Id.; Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In determining whether a

plaintiff has made this prima facie showing, the Court construes the allegations in the complaint in the light most favorable to the plaintiff and must resolve all factual disputes in favor of the plaintiff. New Wellington, 416 F.3d at 294; Mylan Labs., 2 F.3d at 60.

In order to determine whether Plaintiffs have satisfied their burden, the Court must engage in a two-step analysis. Ellicott Mach. Corp ., Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir.1982). First, the Court must determine whether the exercise of jurisdiction over a nonresident defendant is authorized by North Carolina's long-arm statute. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Second, the Court considers whether the exercise of jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Because the North Carolina Supreme Court has interpreted the state's long-arm statute to reach the constitutional limits of due process, Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C.1977), courts have compressed this two-step inquiry into a single inquiry, see CEM Corp. v. Personal Chemistry, 55 F. App'x 621, 623 (4th Cir. 2003) (unpublished); Gen. Latex & Chem. Corp. v. Phoenix Med. Tech., Inc. 765 F. Supp. 1246, 1249 n. 1

(W.D.N.C.1991) (Potter, J.); Shinn v. Greeness, 218 F.R.D. 478, 481 (M.D.N.C.2003).

Personal jurisdiction may either be specific or general. ALS Scan Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002). Where a defendant's contacts with the forum state also provide the basis for the suit against the defendant, the contacts may establish specific jurisdiction. Id.; Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). "In determining whether specific jurisdiction exists, we consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be considered reasonable." Carefirst, 334 F.3d at 397 (internal quotation and citation omitted); see also Consulting Eng'r Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009). In contrast, where a defendant's contacts with the forum state are not also the basis of the claims, then jurisdiction over the defendant must constitute general jurisdiction. Id. "To establish general jurisdiction, the defendant's activities in the state must have been continuous and systematic." Id. (internal quotations and citation omitted.)

The Court finds that Plaintiffs have set forth a prima facie case that the

Court has personal jurisdiction over Defendant Higbee.  As a threshold matter, Defendant Higbee purposely availed itself of the privilege of conducting activities in North Carolina.  Although Defendant Higbee is a New York corporation, Plaintiff alleges that it has engaged in long-term business activities in North Carolina by selling its products in the state.   In fact, Defendant Higbee acknowledges that it manufactures custom built products for customers in North Carolina and directly sells its products to these customers.  (Higbee Aff. ¶¶ 9-10, May 22, 2013.)  The act of regularly selling its products directly to customers in North Carolina is sufficient to establish that Defendant Higbee purposefully availed itself of the privilege of conducting business in North Carolina.   Moreover, the fact that these products were manufactured out of state and then shipped to its customers in North Carolina and that Defendant Higbee did not advertise or solicit sales in North Carolina does not dictate a different result.  See Shealy v. Challenger Mfr. Co., 304 F.2d 102, 104 (4th Cir. 1962) ("A foreign corporation, busily present in a state effecting direct deliveries of its wares to its customers, cannot escape the jurisdiction of the state upon the ground its orders were unsolicited.")

Similarly, the factual allegations establish that Plaintiffs' claims arise out of Defendant Higbee's contacts with North Carolina as Plaintiff alleges that it was

-5-

harmed by a product manufactured by Defendant Higbee that was sold in North Carolina. Based on its activities and contacts with North Carolina, Defendant Higbee could reasonably anticipate being haled into Court in North Carolina from claims stemming from its business transactions in the state. Finally, Defendant Higbee has not set forth any grounds in its motion as to why the exercise of jurisdiction would be unreasonable. After considering the factors set forth in Consulting Eng'rs, 561 F.3d at 279, however, the Court finds that exercising personal jurisdiction over Defendant Higbee is reasonable based on the facts of this case. Because Plaintiffs have met their burden of setting forth a prima facie case of jurisdiction over Defendant McKeough, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 100].

### III. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 100].

Signed: September 27, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).