# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00054-MR-DLH

| | |
|---|---|
| CAROLYN M. YOUNG and SARA WORKMAN, both Individually and as Co-Executrices of the Estate of FRANK VERNON MILLER, Deceased,<br><br>      Plaintiffs,<br><br>vs.<br><br>AGCO CORPORATION, *et al.*,<br><br>      Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on Defendant Higbee Inc.'s Motion to Dismiss [Doc. 100]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of such Motion [Doc. 115]; the Defendant's Objection to the Memorandum and Recommendation [Doc. 117]; the Plaintiffs' Response in opposition to the Defendant's Objection to the Memorandum and Recommendation [Doc. 118]; and the Defendant's Motion to Add Affidavit in Support of Memorandum and Recommendation [Doc. 120].

## I. PROCEDURAL BACKGROUND

The Plaintiffs Ruby Carolyn Miller and Sara Workman, both individually and as Co-Executrices of the Estate of Frank Vernon Miller, Deceased (collectively "Plaintiffs") brought this action on February 28, 2013 against the Defendants AGCO Corporation, *et al.*, asserting claims of negligence, breach of implied warranty, and conspiracy, arising out of the death of Frank Miller ("Mr. Miller" or "the decedent") from mesothelioma allegedly caused by exposure to asbestos. [Doc. 1]. The Plaintiffs filed an Amended Complaint on March 13, 2013. [Doc. 3].[1]

On May 24, 2013, the Defendant Higbee, Inc. ("Higbee") moved to dismiss the claims asserted against it for lack of personal jurisdiction over it as a non-resident, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. [Doc. 100]. The Plaintiffs opposed such motion on June 10, 2013. [Doc. 103].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider Higbee's motion and to

---

[1] The Complaint was again amended on January 21, 2014 to substitute Carolyn M. Young as the proper co-executrix of Mr. Miller's estate and to remove Ruby Carolyn Miller as a plaintiff in the action. The factual allegations relevant to the Plaintiffs' claims against Higbee remain unchanged by this amendment.

submit a recommendation regarding its disposition. On September 27, 2013, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that Higbee's motion be denied. [Doc. 115]. Higbee timely filed an objection [Doc. 117], to which the Plaintiffs responded [Doc. 118].

While the Memorandum and Recommendation and Objections were pending, Higbee filed a motion for leave to file an additional affidavit in support of its motion to dismiss. [Doc. 120]. The Plaintiffs did not file any opposition to that motion.

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge

to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

**III. DISCUSSION**

In its Objections, Higbee argues that there is insufficient evidence that it purposefully availed itself of the benefits of conducting business in North Carolina, or that the decedent's injuries arose out of Higbee's activities selling gaskets within this state, such that specific jurisdiction may be asserted over it in this action. Specifically, Higbee contends that Magistrate Judge erroneously concluded that Higbee had engaged in purposeful availment "on the sole basis that Higbee acknowledges manufacturing custom build products for customers in North Carolina." [Doc. 117 at 2]. While Higbee's acknowledgment in this regard was one of the factors considered, the Magistrate Judge also noted the Plaintiffs' allegation [Doc. 3 at ¶ 14] that Higbee "has engaged in long-term business activities in North Carolina by selling its products in the state." [Doc. 115 at 5]. The Plaintiffs' allegations, particularly when taken together with Higbee's admission of dealings with North Carolina customers, are

4

sufficient to establish a *prima facie* case of specific jurisdiction over the Defendant.[2]

Higbee further contends that the jurisdictional allegations in the Plaintiffs' Amended Complaint are insufficient because they merely assert the presence of Higbee's gaskets at the plant. Higbee contends that the Plaintiffs critically do not allege that these gaskets were sold to American Thread Plant by the Defendant, or that they were directed by Defendant to the forum state of North Carolina, or that they were installed in the equipment in North Carolina. [Doc. 117 at 3]. Contrary to Higbee's argument, however, the Plaintiffs' allegations clearly go beyond asserting the mere presence of Higbee's product in the state. In paragraph 41 of the Amended Complaint, the Plaintiffs allege that Higbee "manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of

---

[2] The Defendant's supplemental affidavit [Doc. 120-1], which the Defendant seeks to add to the record of this action, does not change this result. While this supplemental affidavit clarifies that Higbee has no record of selling products to American Thread and that it has never sold any asbestos-containing products in North Carolina, these new factual assertions do not contradict the Plaintiffs' allegation that Higbee manufactured, distributed, sold, supplied, and/or otherwise placed asbestos-containing products into the stream of commerce so that such products were caused to be used at the decedent's job site in North Carolina. [Doc. 3 at ¶ 41].

While the Court has considered this supplemental affidavit, Defendant's counsel is admonished that the practice of supplying additional affidavits after a rendition of a Memorandum and Recommendation by the Magistrate Judge in order to "get another bite at the apple" is a practice that is strongly disfavored by this Court.

commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Plaintiffs' Decedent Frank Vernon Miller or to his employers in North Carolina so that these materials were caused to be used at the Plaintiffs' Decedent Frank Vernon Miller's job sites in North Carolina." [Doc. 3 at ¶ 41]. In paragraph 47, they further allege that the decedent "was exposed to Defendants' asbestos-containing products sold and distributed in North Carolina." [Id. at ¶ 47]. The Magistrate Judge properly recognized that these factual allegations sufficiently "establish that Plaintiffs' claims arise out of Defendant Higbee's contacts with North Carolina…." [Doc. 115 at 5-6]. Accordingly, Higbee's objection in this regard is overruled.

Notably, Higbee does not object to the Magistrate Judge's conclusion that Plaintiffs must only make a *prima facie* showing of personal jurisdiction at this stage of the proceedings. Construing the allegations in the Amended Complaint in the light most favorable to the Plaintiffs, and resolving as the Court must all factual disputes in the Plaintiffs' favor, see New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989), the Court concludes that the Plaintiffs have stated a *prima facie* of personal

6

jurisdiction against Higbee. Accordingly, Higbee's objections to the Memorandum and Recommendation are overruled.

## IV. CONCLUSION

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Add Affidavit in Support of Memorandum and Recommendation [Doc. 120] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Higbee Inc.'s Objection [Doc. 117] is **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 115] is **ACCEPTED;** and Defendant Higbee Inc.'s Motion to Dismiss [Doc. 100] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 26, 2014

Martin Reidinger
United States District Judge