THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00054-MR-DLH

| | |
|---|---|
| CAROLYN M. YOUNG and SARA M. WORKMAN, both Individually and as Co-Executrices of the ESTATE OF FRANK VERNON MILLER, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>AGCO CORPORATION, et al.,<br><br>Defendants. | O R D E R |

**THIS MATTER** is before the Court on the Defendant John Crane Inc.'s Motion for Summary Judgment [Doc. 225]. The Plaintiffs have not filed any opposition to the Defendant's Motion.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of demonstrating that no genuine disputes of material fact exist for trial. Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). If this showing is made, the burden then

shifts to the non-moving party to convince the Court that a triable issue does exist. Id. In considering the facts for the purposes of a summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. Adams v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011). Where the non-moving party has not responded to the motion, however, the Court may consider the forecast of evidence presented by the movant to be undisputed for the purposes of the present motion. See Fed. R. Civ. P. 56(e)(2).

To prove causation in North Carolina, a plaintiff in a personal injury asbestos case "must present 'evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'" Jones v. Owens-Corning Fiberglas Corp., 69 F.3d 712, 716 (4th Cir. 1995) (quoting Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir. 1986)). Here, the Defendant has demonstrated that the Plaintiffs lack a forecast of evidence of the decedent's exposure to an asbestos-containing product of the Defendant sufficient to establish causation under Lohrmann. As noted, the Defendant's forecast of evidence is undisputed insomuch as the Plaintiffs have failed to respond to the Defendant's motion. As the Plaintiffs are unable to present evidence of

causation sufficient to raise a genuine issue of material fact, the Court concludes that summary judgment in favor of the Defendant is appropriate.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant John Crane Inc.'s Motion for Summary Judgment [Doc. 225] is **GRANTED**, and all of the Plaintiff's claims against Defendant John Crane Inc. are hereby **DISMISSED WITH PREJUDICE**.

A Judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 21, 2015

Martin Reidinger
United States District Judge